WANN (UNITED STATES v.). See Case No. 16,638.

WANTON (WALKER v.). See Case No. 17,090.

WAPE v. HEMENWAY. See Case No. 18,042.

WAPLES (LOUISIANA PAPER CO. v.). See Case No. 8,540.

## Case No. 17,142.

### WARBURG v. MAXWELL.

[3 Blatchf. 382.] [1]

Circuit Court, S. D. New York. Nov. 30, 1855.

CUSTOMS DUTIES—PROTEST—PENALTY—EVIDENCE.

Where a protest, by a consignee of goods, claimed that they were invoiced at their fair market value, and also protested against the payment of a penalty for undervaluation, and described the goods thus—"these goods consigned to me by the manufacturer thereof, maintaining that they are not liable to a penalty under the laws, for the reasons stated"—*held*, that the consignee could not, under such protest, prove that the goods were owned and imported by the manufacturer, and so not liable to the penalty.

This was an action against [Hugh Maxwell] the collector of the port of New York, to recover back an excess of duties and a penalty. The jury found a verdict for the plaintiff [Edward Warburg], subject to the opinion of the court on a case.

John S. McCulloh, for plaintiff.
J. Prescott Hall, for defendant.

BETTS, District Judge. This action is brought to recover back an excess of duty of $52.25, and also an additional duty of $328, exacted on an importation of twenty-nine cases of silk from Havre to this port, in August, 1851. The invoice price was raised by appraisal 15 per cent., and an additional duty of 20 per cent. was imposed.

The protest claims, that the goods were invoiced at their fair market value at the time and place of shipment, and also protests against the payment of the penalty imposed on "these goods consigned to me by the manufacturer thereof, maintaining that they are not liable to a penalty under the laws, for the reasons stated." This protest is vitally defective in not stating that the goods were owned and imported by the manufacturer. It affords no distinct notice to the collector that the manufacturer continued to be the owner after his consignment. The invoice and entry import the contrary. The manufacturer merely certifies to the invoice, that it represents the true market value of the goods at the place of shipment; and the plaintiff, on the entry, takes, in his own name, the owner's oath, in full. He also takes the "consignee, importer or agent's oath" on the entry, adding thereto. "E. Roth is part owner." And it is not asserted by either of these oaths, or by the protest, that Roth was the manufacturer of the goods.

In our opinion, the plaintiff cannot, under this protest, be allowed to prove that Roth was the manufacturer: nor can he avoid the payment of the penal duties, on the allegation or proof that the goods were owned and im-

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

ported by the manufacturer, without having notified the collector of that fact, in the written protest. Judgment for defendant.